IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| HARRY McNUTT ) | |
| ) | |
| v. ) | Case No. 3:21-cv-00298 |
| ) | Chief Judge Crenshaw |
| GRANGE INSURANCE COMPANY; ) | Magistrate Judge Holmes |
| SASAN PASHA; S.E.F.C. ENGINEERING, INC.; ) | |
| JOHN DOE CORPORATIONS I-X; AND, ) | |
| JEFFREY WIGAND ) | |

**TO:  Honorable Waverly D. Crenshaw, Jr., Chief District Judge**

## REPORT AND RECOMMENDATION

This case, originally filed in Wilson County Circuit Court (*see* Docket No. 1-4) on March 2, 2021, was removed to this Court on April 14, 2021. (Docket No. 1.) Plaintiff is a licensed attorney and signed the original complaint *pro se*, and also as his own attorney. (Docket No. 1-2 at 16.) For the reasons discussed below, the undersigned respectfully recommends that this case be dismissed.

### I. BACKGROUND

Plaintiff, a licensed attorney, filed a complaint on March 2, 2021, in Wilson County Circuit Court alleging breach of contract, negligence, various statutory violations (including of the Tennessee Consumer Protection Act and the Tennessee Insurance Code), and fiduciary breaches in connection with Plaintiff's denied claims for damage to what appears to be Plaintiff's residence allegedly sustained during the tornado that struck the area on March 2, 2020. (Docket No. 1-4.) On April 14, 2021, Defendants Grange Insurance Company and Jeffrey Wigand removed the case from Wilson County Circuit Court to federal court. (Docket No. 1.)

A notice of initial case management conference was issued on April 15, 2021, setting this case for an initial case management conference on May 24, 2021, at 1:30 p.m. (Docket No. 5.)[1] On May 24, 2021, at the designated time, counsel for the named Defendants all joined the scheduled conference call with the Court for the initial case management conference. Plaintiff failed to join.

On April 21, 2021, Defendants Sasan Pash and S.E.F.C. Engineering filed a joint motion to dismiss. (Docket No. 12.) Also on April 21, 2021, Defendants Grange Insurance Company and Jeffrey Wigand filed separate motions to dismiss. (Docket Nos. 14 and 16.) On April 22, 2021, the undersigned entered an order pursuant to Local Rule 16.01(h)(2) providing notice to the Chief District Judge of the filed motions to dismiss. (Docket No. 18.) The April 22 order specifically directed the filing of any response by Plaintiff to the motions to dismiss in accordance with Local Rule 7.01(a)(3). (*Id*.) The April 22 order also reminded the parties of their obligation to jointly file a proposed initial case management order. (*Id*.) Plaintiff failed to timely respond to any of the pending motions to dismiss. Additionally, according to the proposed initial case management order filed by Defendants on May 19, 2021, Plaintiff failed to participate in preparation of the proposed initial case management order. (Docket No. 19 at 1.)

---

[1] Although *pro se* actions are generally exempt from mandatory initial case management conferences under Local Rule 16.01(c)(1), that rule also expressly provides that the "[j]udge to whom a case is assigned may subject any of the exempted cases to case management conferences and other case management by order or notice." Local Rule 16.01(b)(2). Because Plaintiff is a licensed attorney who has designated himself as counsel in this case, the Court exercised its discretion for this case to proceed by the regular case management process, including an initial case management conference. That election was made clear in Chief Judge Crenshaw's order of April 19, 2021 (Docket No. 9) referring this case for case management and in the undersigned's order of April 22, 2021 (Docket No. 18), which reiterated the scheduled initial case management conference.

## II. LEGAL STANDARDS AND ANALYSIS

Rule 16(f)(1) of the Federal Rules of Civil Procedure[2] provides that

[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii) – (vii), if a party or its attorney,

(A) fails to appear at a scheduling or other pretrial conference;

(B) is substantially unprepared to participate – or does not participate in good faith – in the conference; or

(C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f)(1). The incorporated Rule 37(b)(2)(A) remedies authorize, among other things, dismissal of the action in whole or in part. Fed. R. Civ. 37(b)(2)(A)(v). Rule 41(b) also allows for involuntary dismissal for a plaintiff's failure to prosecute his case. Fed. R. Civ. P. 41(b).[3] Here, Plaintiff had both notice and reminders of the initial case management conference. In addition to the original notice setting the initial case management conference for May 24, 2021 (Docket No. 5), the Court's April 22 order also reminded Plaintiff that the initial case management order remained scheduled for May 24. (Docket No. 18.) Both documents also notified Plaintiff of his obligation to jointly prepare and file a proposed initial case management order. Plaintiff failed to participate in preparation of the proposed initial case management conference as directed. He also failed to appear for the initial case management conference as repeatedly instructed.

Additionally, Plaintiff was required by Local Rule 7.01(a)(3) to respond to Defendants' pending motions to dismiss within fourteen days, or by no later than May 5, 2021. Even though

---

[2] Unless otherwise noted, all general references to rules are to the Federal Rules of Civil Procedure.

[3] To the extent that the rules or other authority contemplates that a party be given notice of the Court's intention to impose a drastic remedy such as dismissal, this report and recommendation – and the attendant opportunity for Plaintiff to object or show cause why dismissal is not appropriate – serves as notice.

3

the Court's April 22 order reminded Plaintiff of his obligations to respond under Local Rule 7.01(a)(3), Plaintiff failed to file a timely response. Local Rule 7.01(a) provides that "[i]f a timely response is not filed, the motion shall be deemed to be unopposed." Local Rule 7.01(a)(3). By operation of Local Rule 7.01(a)(3), Defendants' motions to dismiss are deemed unopposed.

Because Plaintiff has failed to comply with every instruction from the Court – whether by its local rules or specific orders – dismissal of this case is warranted under Rule 16(f) and Local Rule 7.01(a)(3). Additionally, given Plaintiff's apparent lack of interest in pursuing this action, the Court finds that dismissal under Rule 41(b) is warranted. To-date, only Defendants and the Court have expended any resources on this case. Further, the Court is not inclined to show leniency to Plaintiff because, although *pro se*, he is an attorney and therefore presumed to have knowledge of the legal system and less in need of protection from the Court. *Johansen v. Presley*, 977 F.Supp.2d 871, 876-77 (W.D. Tenn. 2013) (internal citations omitted).

## RECOMMENDATION

For the reasons stated, it is respectfully RECOMMENDED that Defendants' pending motions to dismiss (Docket Nos. 12, 14, and 16) be GRANTED and this case be DISMISSED and additionally that this case be DISMISSED pursuant to Rule 41(b), Rule 16(f) and Local Rule 7.01(a)(3) for Plaintiff's failure to prosecute, including his failure to appear at the initial case management conference on May 24, 2021 and his failure to participate in preparation and filing of a joint proposed initial case management order.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written

objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

        Respectfully submitted,

        _____
        BARBARA D. HOLMES
        United States Magistrate Judge